PER CURIAM.
On petition of the state attorney of Dade County, the circuit court issued .an order requiring the appellant Edward W. Mc-Grath to show cause why he should not be subpoenaed and ordered to appear as a witness before a grand jury impaneled in New York County, New York. The record here discloses the basis for such action was an order or certificate of a judge of the Supreme Court of New York County, New York, reciting the pendency of the grand jury; that McGrath is a material witness to the grand jury proceedings; that his presence would be required for a certain period, and could not be obtained voluntarily; that the laws of that state are reciprocal with reference to the procedure invoked, with that of states having conforming laws in accordance with the Uniform Interstate Extradition of Witnesses Act; and that the laws of New York protect McGrath “from arrest and the service of civil and criminal process in connection with any matter which arose before his entrance into the State of New York under any summons, subpoena or process issued by a justice of a court of the State of Florida.” A supporting affidavit of an assistant district attorney in the New York County district attorney’s office set forth factual bases for the need for the testimony of McGrath before the grand jury on several specified matters of the investigation and on other unspecified matters being investigated.
In answer to the rule to show cause McGrath filed a response and a motion to quash. Therein the appellant contended the supporting certificate of the New York court was insufficient in content; that Chapter 942 Fla.Stat., F.S.A., if applied to require his presence before the New York grand jury, would operate to deprive him of a constitutional right to be secure in his person from arrest or incarceration without having been charged with a crime; and that Chapter 942 could not be applied to require his appearance as a witness before the Ñew York grand jury because, appellant states without elaboration, that he is “the actual target of the grand jury investigation.”
Upon hearing, the circuit court of Dade County entered an order finding the said Edward McGrath is a material witness in a grand jury proceeding in New York County, New York; that it would work no hardship on him to attend said proceedings; and reciting the protection afforded to him by the law as above referred to, the compensation to be paid, and the time or period involved. Thereupon the court ordered McGrath to appear as a witness in the New York grand jury proceeding at a certain time and place.
*293 On this appeal therefrom by McGrath it is argued his extradition to New York to appear as a witness before the grand jury was requested by that state in bad faith in that the inquiry there is against him as a defendant, and argued further that since the date referred to in the request and in the order of the Florida court has passed, the matter of his appearance before the grand jury is now moot.
The response of the appellee to those arguments is that the record shows that McGrath is a material witness and only a witness for the grand jury proceeding; that he is charged with no crime in New York; that the record furnishes no basis from which to infer that the request for his appearance as a witness is a subterfuge to charge him with crime, and that under the procedure invoked (Uniform Interstate Extradition of Witnesses Act) he is afforded the protection against being so charged which is outlined above; and further that McGrath could refuse to answer any questions the answers to which might tend to incriminate him. As to the argument regarding mootness, the appellee points out that the term of the grand jury making the investigation of matters for which McGrath’s testimony is required has been continued.
Upon consideration of the arguments of the parties we hold that no reason in law has been shown for reversal of the order appealed from. The procedure involved here is authorized by and in conformity to § 942.02 Fla.Stat., F.S.A.
On remand of this cause to the circuit court, an order should be entered amending the order appealed from to designate an appropriate future date and period of days for the required appearance of the witness at the New York County, New York grand jury proceedings.
Affirmed.